UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DELUCA,

        Plaintiff,

v.                                                   Case No. 06-12552
                                                   Honorable Patrick J. Duggan

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR STAY OF DISCOVERY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 7, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiff filed this putative class action lawsuit on June 8, 2006, alleging that Defendant has engaged in conduct violating its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1461. Presently before the Court is Defendant's motion to stay discovery, filed February 14, 2007. Plaintiff filed a response indicating his opposition to Defendant's motion on February 26, 2007.

Plaintiff's allegations in the present matter mirror those brought in a companion matter, *Loren v. Blue Cross Blue Shield of Michigan*, Case No. 05-74908, which this

1

Court dismissed for lack of subject matter on August 3, 2006. Specifically, this Court found in *Loren* that the named plaintiffs lacked statutory standing to pursue their lawsuit. Although Defendant argued in that case that the plaintiffs lacked constitutional standing as well, this Court did not reach that issue. The plaintiffs in *Loren* have appealed the Court's decision to the Sixth Circuit.

Defendant similarly sought dismissal of the pending matter based on standing in a motion filed on September 11, 2006. In an opinion and order issued on January 25, 2007, this Court denied the motion, concluding that Plaintiff has statutory and constitutional standing. Accordingly, the present lawsuit now is expected to proceed through discovery, dispositive motions, and, if necessary, trial. However based on the Sixth Circuit's pending decision in *Loren*, Defendant argues that this matter should be stayed.[1] Defendant contends that in deciding *Loren*, the Sixth Circuit may stray further than this Court did in addressing its jurisdiction to hear the plaintiff's dispute and that such a ruling may apply with equal force to the present Plaintiff's standing.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined" *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1990)(citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936)). This includes the power to stay a matter "'. . . pending resolution

---

[1] Although Defendant only requests a stay of discovery, the dates which will be set forth in this Court's scheduling order are linked to the deadline for conducting discovery and therefore any stay of discovery effectively will stay the entire matter.

of independent proceedings which bear upon the case at hand.'" *Mediterranean Enter. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)(quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)(citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 72 S. Ct. 219 (1952)). While this Court acknowledges its discretion, it concludes that the present matter should not be stayed pending the Sixth Circuit's resolution of *Loren*.

     This Court's holding in *Loren* was narrow– focusing only on the plaintiffs' statutory standing under ERISA. As a result, this Court finds it unlikely that the Sixth Circuit's decision will bear upon the present matter where Plaintiff clearly has statutory standing to pursue his claims. The Sixth Circuit repeatedly has stated that "[t]he general rule is that the circuit court will not address issues on appeal that were not raised *and ruled upon below*." *Meade v. Pension Review and Appeals Committee*, 966 F.2d 190, 194 (6th Cir. 1992)(citation omitted and emphasis added). Although the court further stated that "the Sixth Circuit may address a claim that has not been ruled on by the district court in 'exceptional circumstances,'" the court limited such circumstances to situations where "the proper resolution is beyond doubt or where an injustice might otherwise result." *Id.* (internal citations and quotation marks omitted). The Court does not believe that the appeal in *Loren* presents such circumstances. Moreover, the Sixth Circuit also has repeatedly stated that it will refrain from deciding constitutional issues when doing so is not necessary. *Grutter v. Bolinger*, 288 F.3d 732, 816 (6th Cir. 2002)(citing *Lyng v. Northwest Indian Cemetery Prot. Ass'n*, 485 U.S. 439, 445, 108 S. Ct. 1319

(1988)(reiterating that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.")) Finally, deciding whether the plaintiffs possess constitutional standing in the two cases– i.e. the present matter and *Loren*– is a factual determination and the relevant facts are not consistent in both cases.

Based on the above, this Court finds it unlikely that the Sixth Circuit will resolve the constitutional standing issue in *Loren*. But even if the Sixth Circuit decides to address that issue, the court's decision will not necessarily dictate the result in the present matter. The Court therefore concludes that a stay of the present matter pending the court of appeals' decision will not further, but only will unnecessarily delay, the resolution of the instant matter.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to stay is **DENIED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:
Stephen F. Wasinger, Esq.
John H. Eggertsen, Esq.
K. Scott Hamilton, Esq.
Leo A. Nouhan, Esq.